UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRISTOPHER JAMES SCHOLTES,

        Petitioner,                   Case No. 1:21-cv-165

v.                                      Honorable Robert J. Jonker

DANIEL ABBOTT,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981) (holding that, where a pretrial detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241). The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37

(6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I.  Factual allegations

Petitioner Christopher James Scholtes is detained at the Van Buren County Jail. (Pet., ECF No. 1, PageID.1–2.) Publicly available records reveal that Petition is awaiting trial in two criminal prosecutions: Van Buren County Circuit Court Case No. 2020-0022627-FH, where he is charged with breaking and entering a building, larceny in a building, and two counts of unlawful driving away of a motor vehicle; and Van Buren County Circuit Court Case No. 2020-0022628-FH, where he is charged with assault with intent to murder and first-degree home invasion. *See* https://micourt.courts.michigan.gov/CaseSearch/Court/C36/Search?searchText= christopher%20%20%20scholtes (visited Feb. 23, 2021).

Petitioner indicates that he suffers from underlying health issues, including a heart murmur and cardiovascular disease. He complains that the personnel at the Van Buren County Jail do not take the threat from the COVID-19 virus[1] seriously. Petitioner reports that he contracted COVID-19 months ago and that he is still suffering complications, including high blood pressure, chest pain, fatigue, shortness of breath, and excessive weight gain. (Pet., ECF No. 1, PageID.6.) Petitioner argues that Respondent's failure to protect Petitioner from the COVID-19 virus and

---

[1] In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit described the COVID-19 problem as follows:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

2

failure to properly treat him for the symptoms and consequences of the illness violate his Fifth, Eighth, and Fourteenth Amendment rights. Petitioner seeks immediate release from detention, to his fiancé and family in Texas, on supervised release subject to GPS tether and house arrest.

## II.     Exhaustion of State Court Remedies

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins*, 644 F.2d at 546 n.1.

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *See Atkins,* 644 F.2d at 546 & n.1.

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior

ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).  Petitioner's claims regarding the conditions of his confinement do not fall within any of these exceptional circumstances.

Moreover, even in cases where pretrial detainees articulate a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court.  *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490-91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted).  The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."  *Atkins*, 644 F.2d at 546.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner does not indicate that he has sought relief in the state courts for the constitutional violations he alleges.  Moreover, it appears that state court remedies are still available to him.  Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release.  Additionally, the rule provides for appeal of the custody decision by motion.  Mich. Ct. R. 6.106(H)(1).

4

To properly exhaust his claim, Petitioner must file a motion in the Van Buren County Circuit Court seeking relief from the order detaining him. If his motion is denied by the circuit court, Petitioner must pursue available appeals of that decision. Relief under § 2241 is not available until after Petitioner has pursued his state court remedies .

### III. Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied.

## **Conclusion**

The Court will enter a judgment dismissing the petition for lack of exhaustion, and an order denying a certificate of appealability.


Dated:     March 1, 2021              /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE